[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-15435
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 14, 2009
THOMAS K. KAHN
CLERK

Agency No. A094-889-002

MELISSA LOUIS,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 14, 2009)

Before BLACK, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Melissa Louis, a citizen of Haiti, petitions for review of the Board of Immigration Appeals' (BIA's) decision affirming the Immigration Judge's (IJ's) order of removal and denial of asylum and withholding of removal under the Immigration and Nationality Act (INA).[1] Louis asserts the IJ erred in denying her request for asylum because she established several instances of past persecution. As for a well-founded fear of persecution, she notes the BIA's finding that conditions in Haiti have changed, but argues the past persecution shows "that eventually it would be her turn." We deny Louis's petition.

"This court reviews administrative fact findings under the highly deferential substantial evidence test. Under the substantial evidence test, we view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Djonda v. U.S. Atty. Gen.*, 514 F.3d 1168, 1173 (11th Cir. 2008) (quotations omitted). "When reviewing for substantial evidence, we do not ask whether the evidence presented by an applicant might support a claim for relief; instead, we ask whether the record compels us to reverse the finding to the contrary." *Id.* at 1175.

---

[1] The BIA also denied Louis's application for relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (CAT). Louis does not challenge the BIA's findings with regard to the CAT on appeal. Thus, any argument with regard to that finding is abandoned. *Djonda v. U.S. Att'y Gen.*, 514 F.3d 1168, 1173-74 (11th Cir. 2008).

When, as here, the BIA issues its own opinion without expressly adopting the IJ's decision, this Court reviews only the BIA's decision. *See Rodriguez Morales v. U.S. Att'y Gen.*, 488 F.3d 884, 890 (11th Cir. 2007). Because the BIA treated Louis's testimony as credible, her testimony must be accepted by this Court. *Niftaliev v. U.S. Att'y Gen.*, 504 F.3d 1211, 1216 (11th Cir. 2007).

An alien may receive asylum, at the discretion of the Attorney General, if she can carry the burden of proving that she is a "refugee," which is defined as "any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail . . . herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1230 (11th Cir. 2005) (quoting 8 U.S.C. § 1101(a)(42)(A)). Accordingly, "the alien must, with credible evidence, establish (1) past persecution on account of her political opinion or any other protected ground, or (2) a 'well-founded fear' that her political opinion or any other protected ground will cause future persecution." *Id.* at 1230-31 (citing 8 C.F.R. § 208.13(a) and (b)).

"A showing of past persecution creates a presumption of a 'well-founded fear,' subject to rebuttal by the [government]." *Id.* at 1231 (citing 8 C.F.R. § 208.16(b)(1)(i)). This presumption may be rebutted if:

3

an asylum officer or immigration judge finds by a preponderance of the evidence:

> (A) There has been a fundamental change in circumstances such that the applicant's life or freedom would not be threatened on account of any of the five grounds mentioned in this paragraph upon the applicant's removal to that country; or

> (B) The applicant could avoid a future threat to his or her life or freedom by relocating to another part of the proposed country of removal and, under all the circumstances, it would be reasonable to expect the applicant to do so.

8 C.F.R. § 208.16(b)(1)(i); *see also Sepulveda*, 401 F.3d at 1231 (holding an alien that has shown a "well-founded fear" of future persecution must establish that the persecution cannot be avoided by relocating within the country designated for removal).

Even assuming Louis's testimony was enough to establish past persecution based on her political opinion and created a rebuttable presumption of a well-founded fear of future persecution, that presumption was rebutted because substantial evidence supported the BIA's conclusion there were fundamental changes in Haiti's political situation so that Louis's life or freedom would not be threatened. The BIA noted that President Aristide left Haiti in February 2004, and the Lavalas partisans implicated in abuses were behind bars. The 2006 Country Report and the articles attached to Louis's application supplement support these conclusions. Although the Lavalas candidate, Rene Preval, was elected president

4

in 2006, the 2006 Country Report does not indicate a resurgence in politically motivated violence or disappearances. The 2006 Country Report did note the widespread kidnapping of citizens and the failure of the Haitian National Police (HNP) to prevent or respond to gang-related societal violence, but there was little indication that crime victims were targeted based on their political beliefs or that the HNP failed to enforce the law for political reasons. The 2006 Country Report mentions the provisional release, pending trial, of 28 Aristide officials and the continued detention of 4 others charged in the 2004 massacre of Aristide opponents. This indicates the Haitian government has taken steps to bring to justice Aristide supporters implicated in human rights abuses. The 2007 articles attached to Louis's brief before the BIA describe large demonstrations by Lavalas and the continued popularity of the party, but they do not mention any violence against Lavalas opponents. Additionally, two media reports attached to Louis's application supplement indicate that street gang violence is concentrated in the poorest urban areas, supporting the conclusion that Louis could avoid future threats by locating to a different part of the country. *See* 8 C.F.R. § 208.16(b)(1)(i)(B). This conclusion is also supported by Louis's testimony that Lavalas members were less active where her friend Tamara lived and that she was not bothered by Lavalas while she was there.

5

Based on the foregoing, substantial evidence supports the BIA's conclusion there were fundamental changes in Haiti's political situation so that Louis's life or freedom would not be threatened. Consequently, substantial evidence supported the BIA's finding that Louis is not eligible for asylum. *See Sepulveda*, 401 F.3d at 1230-31. Because Louis is not eligible for asylum, she is necessarily ineligible for withholding of removal. *See Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1288 n.4 (11th Cir. 2005) (stating an applicant who fails qualify for asylum on the merits necessarily fails to qualify for withholding of removal). Accordingly, we deny Louis's petition for review.[2]

**PETITION DENIED.**

---

[2] Louis argues for the first time on appeal that because she suffered severe past persecution, she should be granted asylum, implicitly arguing that asylum should be granted, despite improved country conditions, as permitted under 8 C.F.R. § 208.13(b)(1)(iii). Because Louis has failed to exhaust her administrative remedies with respect to this claim, however, this Court lacks jurisdiction to review it. *See* 8 U.S.C. § 1252(d)(1).